NATIONAL LOAN AND INVESTMENT COMPANY OF DETROIT, MICH., v. O. F. DORENBLASER ET AL.

Decided July 4, 1902.

1.—Trust Deed Sale—Notices—Posting.

Under the statutory requirement that notices of sale under a deed of trust shall be posted in three public places, one of which shall be at the courthouse door, posting a notice at the courthouse door, and one notice each at the northeast and the northwest corners of the courthouse square, is insufficient, as being practically a posting at one place. Rev. Stats., arts. 2366, 2369.

2.—Same—Irregularity and Inadequate Price.

Such irregularity in giving notice, coupled with the fact that the property was sold at a grossly inadequate price, is sufficient to warrant setting aside the sale by the trustee.

3.—Same—Sale in Bulk—Discretion of Trustee.

Where by the terms of the trust deed it is at the discretion of the trustee to sell the property as a whole, or in separate parcels, a sale of the property as a whole will not be set aside unless it operated as an injury to opposing interests.

Appeal from the District Court of Hill County. Tried below before Hon. Wm. Poindexter.

*Wear, Morrow & Smithdeal* and *Pruett & Smith*, for appellant.

*Nelson Phillips*, for appellees.

RAINEY, CHIEF JUSTICE.—The following is taken from appellant's brief, viz: "This suit was brought by appellee, the Texas Loan and Trust Company, against O. F. Dorenblaser, J. H. G. Buck, and the National Loan and Investment Company of Detroit, Mich., to foreclose certain vendor's lien notes on the west half of lot No. 38 of the Buck addition to the town of Hillsboro, Hill County, Texas, executed on May 22, 1896, by Dorenblaser to Buck, and transferred by the latter to the Texas Loan and Trust Company. The petition alleged that the National Loan and Investment Company was claiming some interest in the property and that it was made a party for the purpose of adjudicating its right, if any. The National Loan and Investment Company an-

swered, alleging that on July 1, 1895, said Buck, who was then owner of the property in question, executed his deed of trust conveying the whole of said lot No. 38 to Emmett Chambers, as trustee, to secure the payment to it, the said National Loan and Investment Company, of an obligation for $600, the deed of trust authorizing Chambers, in the event of default in payment of the obligation, to sell the property at public sale and to apply the proceeds toward the payment of the indebtedness; that the deed of trust was properly filed for record in Hill County, on July 12, 1895; and that default having been made in the payment of the obligation, the said trustee, upon request of appellant, and after giving proper notice, sold the whole of lot No. 38 at public sale on March 2, 1897, in accordance with law, to the appellant for $300, executing his deed therefor; that it, the National Loan and Investment Company, obtained valid title to the property by virtue of such sale, freed from said vendor's lien notes. It further answered by way of cross-bill that if there was any defect in the trustee's sale, there was then due to it on said obligation the sum of $600, which was due and unpaid and secured by a first lien on the property in question, and prayed for a foreclosure of such lien.

The Texas Loan and Trust Company replied by supplemental petition, alleging, among other matters, which we think not necessary to mention, in substance as follows: That the trustee's sale was void for the reason that the property sold for a grossly inadequate sum, and that in giving notice of the proposed sale the trustee merely posted three notices, all of which were posted in the town of Hillsboro, and that it had no notice of such sale; and further, that in selling the property the entire lot was sold in bulk, whereas the east half should have been first sold. It also alleged that the east half of said lot, upon which it had no claim, was of sufficient value to more than satisfy appellant's indebtedness. Nobody else complained of the sale.

The case was tried before the court without a jury, and resulted in a judgment in favor of the Texas Loan and Trust Company, foreclosing its vendor's lien as prayed for.

*Conclusions of Fact.*—The following conclusions of the trial court are adopted by this court, viz:

"(1.) I find that on the 22d day of May, 1896, J. H. G. Buck, by his deed, duly conveyed to C. F. Dorenblaser a certain lot situated in the city of Hillsboro, Texas, known and described as the west half of lot 38, of the Buck addition to the city of Hillsboro, Texas, as shown by the plat thereof, recorded in Hill County deed records, in consideration for which said O. F. Dorenblaser, on the date aforesaid, accepted and delivered his certain forty-seven promissory notes payable to order of said J. H. G. Buck, each for the sum of $35, the first note due the 22d of July, 1896, and one note due on the 22d day of each month thereafter for forty-six successive months, each note bearing interest at the rate of 10 per cent per annum and usual 10 per cent attorney's fee

clause, a vendor's lien being expressly retained in said conveyance upon said real estate to secure the payment of the aforesaid notes, which deed was duly filed for record in Hill County, Texas.

"(2.)  I find that on the 1st day of February, 1896, the said J. H. G. Buck and wife duly executed and delivered to the defendant, National Loan and Investment Company, their certain deed of trust, on the said west half of said lot 38, to secure the payment of certain indebtedness by them due and owing said defendant, which deed of trust was duly recorded in said deed records in Hill County, Texas, upon which said indebtedness there was due on the 2d day of December, 1896, the sum of $760.  That on the 23d day of May, 1896, the said J. H. G. Buck indorsed and delivered to the plaintiff, Texas Loan and Trust Company, the aforesaid forty-seven notes by said O. F. Dorenblaser, and on the same date executed and delivered to the plaintiff a transfer and assignment of the vendor's lien retained in said deed to secure their payment, which said transfer was on the same day duly filed for record and recorded in the deed records of Hill County, Texas. That the transfer and delivery by said J. H. G. Buck of said notes and lien was made with the understanding and agreement that the plaintiff should retain out of the proceeds of said notes a sum sufficient to pay off and discharge said indebtedness due the defendant, National Loan and Investment Company, its debt, secured by said deed of trust, receiving its release, duly executed, of the lien created by said deed of trust to secure said indebtedness on the 2d day of December, 1896, the day of said payment, which was upon the same date duly filed for record in Hill County, Texas.  That said payment was made by plaintiff without any actual knowledge of the fact that the said National Loan and Investment Company held any other lien upon said property to secure any indebtedness, and that said payment was made by plaintiff under the belief that thereby and by the execution of said release by the National Loan and Investment Company said property was cleared from all incumbrance other than the vendor's lien held by it to secure payment of said notes aforesaid.

"(3.)  I find that on the 1st day of July, 1895, the said J. H. G. Buck and wife executed and delivered to the defendant, National Loan and Investment Company, their certain deed of trust upon said lot 38 of the Buck addition to said city, describing it by metes and bounds, to secure the indebtedness in the principal sum of $600, in which deed of trust Emmett Chambers was named as trustee, and which was filed for record July 12, 1895, in Hill County, Texas, and duly recorded.

"(4.)  I find that on the 2d day of March, 1897, under and by virtue of said deed of trust last above referred to, executed by J. H. G. Buck and wife of July 1, 1895, said Emmett Chambers, trustee, proceeded to sell and did sell at trustee's sale, the whole of said lot 38, same having been purchased at said sale by defendant, National Loan and Investment Company, for the sum of $300.  That said sale was advertised by posting up three written notices thereof, in the city of Hills-

boro, Texas, for at least twenty days before said sale, one of which was at the door of the courthouse of said city, and the other two of said notices being tacked up on telephone poles on two respective corners of the public square in said city; that the whole of said lot 38 was, at said sale, sold in bulk, without any notice to, or knowledge by, the plaintiff herein; that at the time of said sale lot 38, which was situated in the said city of Hillsboro, Texas, consisted of two separate residence lots, there being separate residences upon the east and west halves thereof respectively, and said lots being fenced and divided by a fence, which at the time of said sale was known to said trustee and said defendant, and which two several lots were at the time susceptible of separate sale; that at the time of said sale the value of the west half of said lot 38 was from $1200 to $1500, and the value of the east half of said lot 38 was from $1200 to $1500, and that at the time of said sale the amount of the indebtedness due the said National Loan and Investment Company by said J. H. G. Buck and wife, secured by said deed of trust under which said sale was had, was the sum of $693.13; that said Emmett Chambers trustee, in pursuance of said sale duly executed and delivered to said defendant, National Loan and Investment Company, his trustee's deed of date March 2, 1897, conveying to said defendant, National Loan and Investment Company, the whole of said lot 38, which was upon the same day duly filed for record in Hill County, Texas.

"(5.)   I find that on the — day of ——, 1897, and after the institution of this suit, the defendant, National Loan and Investment Company, conveyed to H. R. Matchett, by its general warranty deed, the east half of said lot 38, describing it by metes and bounds, for the consideration of ——; that the amount of the plaintiff's debt to secure which it holds a vendor's lien upon the west half of said lot 38, principal, interest and attorney's fees, is the sum of $2640.29."

*Conclusions of Law.*—1.   The statute requires notice of sales under deeds of trust to be given by posting written or printed notices thereof in three public places in the county where the sale is to take place, one of which shall be at the door of the courthouse of the county.   Fischer v. Simon, 95 Texas, 234, 66 S. W. Rep., 447; Marston v. Yates, 66 S. W. Rep., 867.

The posting of the notices in this case, one at the courthouse door, one on a telephone pole near the northwest corner of the courthouse square, and the other on a telephone pole near the northeast corner of the said square, was practically one place, and such posting was not at three public places as contemplated by the statute.

The price for which the lot sold being grossly inadequate, the irregularity in giving the notice of sale was sufficient to set aside the sale by the trustee.

2.   It was in the discretion of the trustee under the terms of said deed of trust to sell the property as a whole, or in separate parcels, and the exercise of such discretion in selling the whole lot instead of in

parcels will not be cause for setting aside the sale unless it operated as an injury to opposing interests. The evidence fails to show that a better price would have been realized by selling in a different manner, or that a different result beneficial to opposing interests would have accrued. We therefore conclude that the evidence fails to show an abuse of discretion by the trustee in selling the lot as a whole.

For the reason first stated, the judgment is affirmed.

*Affirmed.*

Writ of error refused.