TEXAS TRAM & LUMBER COMPANY v. L. B. HIGHTOWER, DISTRICT JUDGE.

No. 1608.    Decided October 24, 1906.

**1.—Close of Term—Solar or Standard Time.**

Where the term of the District Court terminated by law on Saturday its close was fixed at midnight of that day, according to solar time, and not by the conventional "standard" time of the place. (Pp. 130, 131.)

**2.—Mandamus—Verdict—Judgment.**

Mandamus will lie to require a district judge to render a judgment upon a verdict regularly returned into his court when entry thereof has been erroneously refused on the ground that the verdict was ineffective because returned after the expiration of the term. Distinguishing Hume v. Schintz, 90 Texas, 72. (P. 131.)

Original proceeding in Supreme Court for writ of mandamus to require a district judge to enter judgment on a verdict.

*Andrews, Ball & Streetmen, Denman, Franklin & McGown, Greers & Nall, George C. O'Brien* and *Oliver J. Todd,* for relator.—A verdict regularly returned into court fifteen minutes before the adjournment of the term by solar or sun time is a valid and legal verdict. Barker v.

State, 25 Texas Crim. App., 12, 29 S. W. Rep., 480; Henderson v.
Reynolds, 84 Georgia, 159, 7 L. R. A., 327; 28 Amer. & Eng. Encyc. of
Law (2d ed.), 210; Note 78 Am. St. Rep., 386; Searles v. Averhoff, 28
Neb., 668; Jones v. German Ins. Co., 81 N. W. Rep., 188.

Mandamus is a proper remedy to compel entry of a judgment upon
a valid verdict. Lloyd v. Brinck, 35 Texas, 8; Hume v. Schintz, 90
Texas, 74, 36 S. W. Rep., 429.

In the present case the remedy by mandamus is the only one which is
full, adequate and complete. Bradley v. McCrab, Dallam, 507; Gaines
v. Latta, 148 U. S., 228, 37 Lawyers' Ed., 437; 3 Blackstone's Com-
mentaries, 110.

*T. D. Cobbs, C. L. Batts, L. F. Chester,* and *Baker, Botts, Parker
& Garwood,* for respondents.—The questions whether the sessions, busi-
ness and proceedings of the District Court of the Sixtieth Judicial Dis-
trict were governed and controlled by standard time, or by solar or sun
time, and whether the verdict of the jury in said cause No. 2983 was
returned before or after the term of the court had expired and the jury
discharged by operation of law, and whether said verdict was void or
valid, and whether a judgment was by said court rendered upon said
verdict in favor of relator, being controverted judicial questions of mixed
law and fact, requiring for their determination the production of evi-
dence and the trial of issues of fact, and the District Court in the exer-
cise of its judicial functions, having, upon regular judicial proceedings
instituted by relator invoking its jurisdiction, judicially determined said
mixed questions of law and fact against the relator and refused to enter
judgment nunc pro tunc in its favor, the said court being a court of
competent jurisdiction and having at the time jurisdiction of the subject
matter and the parties, this honorable court is without power and juris-
diction to issue a peremptory writ of mandamus to compel said District
Court to reverse its judgment upon said issues of law and fact and enter
a contrary judgment in favor of relator. Depoyster v. Baker, 89 Texas,
159, 160; Arberry v. Beavers, 6 Texas, 465; Smith v. Power, 2 Texas,
57; Glasscock v. Commissioner Gen. Land Office, 3 Texas, 51; Bracken
v. Wells, 3 Texas, 88; Banton v. Wilson, 4 Texas, 400; Cullem v. Lati-
mer, 4 Texas, 329; Fitzhugh v. Custer, 4 Texas, 391; Commissioner v.
Smith, 5 Texas, 479.

This court will take judicial notice of the fact that standard time was
adopted by the railroads in A. D. 1883, and was soon thereafter adopted
by the people in the transaction of the business of the country; and the
laws of this state having never adopted any exclusive standard of time
for the government of the courts, and the Act of the Legislature creating
the District Court of the Sixtieth Judicial District and declaring its
terms, having been enacted long after the adoption of standard time by
the business community, the legislative intent was that standard time
should control the proceedings. State v. Johnson, 77 N. W. Rep., 293;
Parker v. State, 29 S. W. Rep., 480; Rochester G. Ins. Co. v. Peaslee
G. Co., 87 S. W. Rep., 1115.

Every court has the right to judge of its own records and minutes, and
when it is alleged that a judgment was made and rendered at a former
term but failed of entry on the minutes, the court has the power and

jurisdiction at a subsequent term, upon due notice to the parties, to ascertain by legal and competent evidence, the issues of fact presented by the application to enter judgment nunc pro tunc, and to declare the law applicable to the case, and to sustain or refuse the application, as it may find the facts and law to be, or may declare a judgment altogether null and void, and in such a proceeding the court acts judicially and not in a ministerial capacity, and its action in such case can not be controlled by mandamus. Ximenes v. Ximenes, 43 Texas, 458; Burnett v. State, 14 Texas, 456; Chambers v. Hodges, 3 Texas, 529; Chestnutt v. Pollard, 77 Texas, 86; Blum v. Neilson, 59 Texas, 378; Camoron v. Thurmond, 56 Texas, 25; Frank v. Tatum, 23 S. W. Rep., 311.

Mandamus does not lie to correct judicial errors, nor to compel a judicial tribunal to render any particular judgment, or to set aside a decision already made. In all such cases there is adequate remedy by appeal. Aycock v. Clark, Dist. Judge, 94 Texas, 375, 378; Weeden v. Richmond, 9 R. I., 128; s. c. 98 Am. Dec., 373; Ex Parte Koon, 1 Denio, 644; People v. Pratt, 87 Am. Dec., 110; Board of Police v. Grant, 47 Am. Dec., 102; Ex Parte Hoyt, 13 Pet., 279, 10 Law Ed., 161; Morrison v. District Court of U. S., 147 U. S., 14, 37 Law Ed., 60-65.

The respondent Hightower, district judge, in passing upon the motion of relator to enter judgment nunc pro tunc and the answer of this respondent, resisting said motion, and in overruling said motion and refusing to enter judgment nunc pro tunc, acted in the exercise of judicial discretion. He acted in the exercise of that judicial power conferred upon him by the Constitution and laws of this state. Ximines v. Ximines, 43 Texas, 458; Burnett v. State, 14 Texas, 456; Chambers v. Hodges, 3 Texas, 529; Chestnutt v. Pollard, 77 Texas, 86; Blum v. Nelson, 59 Texas, 378; Camoron v. Thurmond, 56 Texas, 25; Frank v. Tatum, 23 S. W. Rep., 311; Cowan v. Ross, 28 Texas, 228; Russell v. Miller, 40 Texas, 495; Whittaker v. Gee, 63 Texas, 435; Hickey v. Behrens, 75 Texas, 488; McNeary v. Castleberry, 6 Texas, 286; Makepeace v. Lukens, 27 Ind., 435, s. c., 92 Am. Dec., 263-269; Depoyster v. Baker, 89 Texas, 155.

The act of respondent Hightower, judge, in refusing to enter judgment nunc pro tunc, being a judicial act requiring the exercise of judicial discretion, although it may be erroneous, can not be reviewed in this proceeding, nor can that act be controlled by writ of mandamus; and the act of this honorable court in awarding the writ of mandamus, commanding said Hightower to enter the special and specific judgment prayed for by relator, is, to all intents and purposes, a command to said Hightower to reverse his former judicial action, and to enter a contrary judgment; and this can not be done by writ of mandamus. In re Rice, petitioner, 155 U. S., 396, 39 Law. Ed., 198; Ex parte Flippan, 94 U. S., 348, Book 24, Law Ed., 194; In re Parsons, 150 U. S., 150, 37 Law Ed., 1034; In re Hawkins, 147 U. S., 486, Law Ed., Book 37, p. 251; Morris v. District Court U. S., 147 U. S., 14, 37 Law Ed., 60.

The court may direct Hightower, by mandamus, to proceed to judgment and final disposition of the case, but it can not, under any circumstances whatever, by such writ, direct him to reverse his former decision, refusing to enter judgment nunc pro tunc, nor compel him to

enter a contrary judgment nor compel him to enter any particular or specific judgment. The writ of mandamus can not be made to perform the office of a writ of error or appeal. Matlock, Miller & Dycus v. Smith, 96 Texas, 211; Aycock v. Clark, 94 Texas, 375; State v. Morris, 86 Texas, 226-230; Little v. Morris, 10 Texas, 264-268; Ex Parte Brown, 116 U. S., 401, 29 Law Ed., 676; Ex Parte Morgan, 114 U. S., 174, 29 Law Ed., 135; Ex Parte Flippan, 94 U. S., 348, 24 Law Ed., 194; Ex Parte Loring, 94 U. S., 418, 24 Law Ed., 165; Ex Parte Newman, 14 Wall., 152, 20 Law Ed., 877; Ex Parte Milwaukee R. R., 5 Wall., 188, 18 Law Ed., 676; United States v. Addison, 22 How., 174, 16 Law Ed., 304; Ex Parte Burtis, 103 U. S., 238, 26 Law Ed., 392.

The writ of mandamus is an extraordinary remedy; and if the party complaining has an adequate common law or statutory remedy he will not be awarded the peremptory writ of mandamus. The relator has such an adequate remedy, by pleading said verdict in another trial in the same suit in which it was rendered, and then by appeal or writ of error, if finally lost in that suit. Screwman's Benevolent Assn. v. Benson, 76 Texas, 552, 556; Hume v. Schintz, 90 Texas, 72; Land Com. v. Bell, Dallam, 366; Cullen v. Latimer, 4 Texas, 329; Arberry v. Beavers, 6 Texas, 457; Ewing v. Cohen, 63 Texas, 482.

Where there is no statutory rule upon the subject of time, the standard adopted by the community in which the court is held will control. Chambers v. Hodges, 3 Texas, 517; Burr v. Lewis, 6 Texas, 76; Munson v. Newson, 9 Texas, 109; Craddock v. State, 15 Texas Crim App., 645; Wall v. Clark, 19 Texas, 325.

GAINES, CHIEF JUSTICE.—This is an original suit in which a writ of mandamus is prayed for to compel the judge of the Sixtieth Judicial District of the State to enter judgment upon a verdict alleged to have been returned into his court at the April term of the present year.

The facts as alleged in the petition for the writ, stated briefly, but as we think with sufficient fullness for the purposes of this opinion, are as follows: In the year 1901 the Texas & New Orleans Railroad Company, a defendant herein, brought an action of trespass to try title in the District Court of Jefferson County against the Texas Tram and Lumber Company, the relator in this proceeding, to recover a parcel of land in the city of Beaumont. The Sixtieth Judicial District having been subsequently established, the cause came on for trial in the latter court (regularly as must be presumed) during the last days of its April term. Under the statute establishing that district the April term began on the first Monday of that month and could "continue in session until and including the last Saturday in May" of the same year. At 8 o'clock p. m. on Saturday, the 26th day of May, 1906, it being the last day of the term, the jury having been charged, retired to consider of their verdict. Before the court was adjourned by the presiding judge at three minutes past twelve by railroad time, which was at least fifteen minutes before twelve p. m. by sun time, the jury came into court and returned a verdict in favor of defendant, the relator in this case. Counsel for plaintiff immediately made a motion for a new trial, which was

overruled,—but no judgment was entered upon the verdict. At the next term of the court, to-wit, on the 6th day of June, 1906, a motion was made in behalf of the relator, to have judgment entered upon the verdict. This was resisted on the ground that the court was adjourned by operation of law when the verdict was returned, and a counter motion to set the verdict aside and to declare a mistrial prevailed. The trial judge filed his conclusions of fact as above stated and determined, as a matter of law, that the adjournment was controlled by the railroad time and that the verdict came too late.

We are of the opinion, that in this conclusion of law, the court erred. We see no reason to doubt that when the Legislature prescribes the times at which a term of the court shall begin and shall end the true time at the place of holding the court is meant; and we understand that the true time is to be determined by the instant at which the sun passes the meridian of the place for which it is to be calculated; and not by the time of its passage at some other place. That where at a particular place, there are two measures of time, one the true time at that place and the other the time at some other place, the true time at the place of holding a court must govern the hour of its opening, was decided in England many years ago. In the case of Curtis v. Marsh (3 H. & N., 866) the court was holding its session at Dorchester and by some regulation ten o'clock in the morning was appointed as the hour for opening the court. The clock in the court room was set to Greenwich time, which was ten minutes earlier than the Dorchester time. The trial judge took his seat upon the bench and promptly opened his court at ten o'clock as shown by the clock in court. The case was called and counsel for the defendant not having appeared the plaintiff's counsel proceeded with the case. The evidence having been introduced, the court instructed a verdict for the plaintiff. After this and a minute and a half before ten o'clock, according to Dorchester time, counsel for the defendant appeared and asked a trial of his case, which was refused. A rule *nisi* having been obtained, it was by the Court of Exchequer made absolute—the court holding that the Dorchester time must govern and that the proceedings were premature. It appears from the report of that case that Greenwich time was the time upon which the railroads were run in England at that period; so that in that case as in this, the question arose out of the difference between the railroad time and the true time. In the case of Henderson v. Reynolds (84 Ga., 159) the same principle was announced in an elaborate opinion, and the conclusion was reached, that the true time must control in determining whether the verdict which was returned about twelve o'clock p. m. of Saturday was returned on Saturday or Sunday and that according to the true time it was Sunday; but since they hold that the verdict was good though returned on Sunday, it would seem that the determination of the point was not necessary to the decision of the case. (See also Searles v. Averhoff, 28 Neb., 668.)

The question was distinctly presented in the case of Parker, Ex Parte (35 Texas Crim. App., 12) and in an elaborate and well considered opinion by Judge Henderson, it was held that when the term ended by operation of law, was to be determined by the true time and not by the railroad time.

There is nothing in the case from the Supreme Court of Kentucky of the Rochester Insurance Co. v. Peaslee Gaulbert Co. (87 S. W. Rep., 1115) which conflicts with our views. It was there merely held, where it was shown that "standard time," meaning, we presume, railroad time, was in common use at the place where the property insured was situated, and the policy of insurance called to expire at "noon" on a certain day, it was a question of fact to be determined by the jury, whether the parties to the instrument meant "noon' as determined by the true time, or by the conventional time.

To show that the proposition that the railroad time at Beaumont because in general use there should govern is not sound, it is only necessary to state it, in substance, in a different way. The railroad time for the section in which Texas is included, is not the true time for the particular locality, but the St. Louis time. So that the proposition resolves itself into saying, that because the people at Beaumont have adopted in the conduct of their affairs the St. Louis time, when the Legislature declared that the April term of the Sixtieth Judicial District should continue "until and including the last Saturday in May" the end of the day should be determined by the St. Louis time and not by the true time—namely, "the mean solar time." It seems to us the proposition so stated carries with it its own refutation.

In the case of Hume v. Schintz (90 Texas, 72) we declined to award a writ of mandamus to compel the trial judge to enter a judg-. ment upon a verdict, for the reason that the verdict, if it had not been set aside (a question we found it unnecessary to decide), could be as effectually pleaded in bar of another action, as the judgment itself. We therefore concluded that the relator had a complete remedy by so pleading it, and therefore refused the writ. But the present case is very different. In the first place the validity of the verdict itself is here at issue and that depends upon a question of fact. In the second the original action in this case involves the title to land, which the verdict settles in the relator's favor. It is entitled to have a judgment entered upon the verdict and to have his judgment recorded and its title made marketable. Pleading the verdict in another action is plainly not a complete remedy.

Upon the undisputed facts of this case, we are of opinion that the relator is entitled to the writ as prayed for, and accordingly the writ is awarded.