## HOLMES v. KLEIN et al.
### No. 3996.

Court of Civil Appeals of Texas. Amarillo.
April 5, 1933.

Rehearing Denied April 26, 1933.

W. I. Gamewell, of Canyon, for appellant.

Cooper & Lumpkin, of Amarillo, and Carl Gilliland, of Hereford, for appellees.

HALL, Chief Justice.

On and prior to May 9, 1930, appellant Holmes owned a certain section of land in Randall county, and on that date leased the entire section to appellee Klein, and by the terms of the lease Holmes was entitled as rent to one-third of all the wheat to be raised upon said farm. As part of the transaction Klein executed to Holmes his two promissory notes in the sum of $1,161.25 each, due July 15, 1930 and 1931, respectively. As security for the payment of said notes, Klein also executed and delivered to Holmes a chattel mortgage on a tractor, a drill, a John Deere disc plow, and other farming implements. The mortgage also covered Klein's two-thirds interest in all crops to be planted for the harvest of 1930 and 1931. Wheat was the only crop grown and harvested from the land in 1931. Klein sold a portion of the crop during that summer to the Farmers' Elevator Company, for which said company still owed a balance of $182.17. During the month of July, 1931, there was stored in the Great West Mill & Elevator Company 2,739 bushels of wheat, two-thirds of which belonged to Klein. The elevator paid plaintiff for his one-third interest. On May 5, 1931, the Panhandle Mutual Hail Association issued to Klein a policy insuring the wheat crop from damage and loss by hail, for which Klein executed to the association his promissory note in the sum of $275, with interest and attorney's fees, and at the same time executed and delivered to the association a chattel mortgage on the wheat then growing on the land. Klein harvested all of the wheat except approximately 145 acres and then abandoned the premises. Appellant Holmes harvested this 145 acres and had it hauled to the elevator at a total expense of $275.78.

Holmes' mortgage contained a power of sale, and on July 24, 1931, he posted written notices that the property described therein, including both wheat and farming implements, would be sold at the courthouse door in the city of Canyon. One of these notices was posted at the courthouse door in Canyon, another at the corner of Fourth avenue and State Highway No. 9 in said city, 2,500 feet from the courthouse, and the third notice at Taylor's Store in the town of Umbarger, 12 miles west of Canyon. The property was sold under the power of sale on August 4, 1931, at the courthouse door in the city of Canyon, at about 11 o'clock a. m. The property was

172

not present at the sale. Holmes became the purchaser for the price of $1,200. Prior to the sale, Klein had made some payments on the two notes due Holmes, aggregating $875, leaving a balance due at that time of principal and interest, $1,583.01 on both notes.

Thereafter Holmes filed this suit against Klein, the Farmers' Elevator Company, J. I. Case Company, Brumley Chevrolet Company, Walker Implement Company, the Panhandle Mutual Hail Association, and the Great West Mill & Elevator Company, to recover the amount due from Klein, and alleging that the other defendants were claiming some interest in and to the wheat described in the mortgage. Appellant also sought in the alternative to foreclose his chattel mortgage lien.

The appellant's petition is unusually long, and we state the purpose of the suit as therein reflected, as follows: He sought first to recover of the defendants in the capacity of owner of the wheat which he alleged was in the possession of the two elevator companies at Umbarger; in the alternative he sought to recover as a mortgagee entitled to possession against the elevator companies, who had converted the mortgaged property. In the third place, he sought a foreclosure of his chattel mortgage lien upon the property, including the wheat held by the defendants and owned by Aubrey Klein.

The Farmers' Elevator Company answered that it had purchased the wheat in controversy from Klein and paid him one-third of the price thereof and had the remaining two-thirds on hand, the proceeds of which it tendered into court.

The Great West Mill & Elevator Company answered, alleging that it had stored in its elevator 164,350 pounds of wheat in the name of Holmes who, as landlord, was the owner of one-third interest therein, for which he had been paid. That it had not been able to pay the remaining two-thirds because of the controversy between the parties as to the ownership thereof and priorities of liens claimed thereon. It set up a claim for storage and charges for receiving and turning the wheat and alleged that it was willing to return the wheat in kind upon the payment of its charges or to pay the market price, less the charges due against it.

The Panhandle Mutual Hail Association alleged that the sale made by appellant under the power contained in his chattel mortgage was invalid for the reason that the property was sold for charges not covered by the chattel mortgage, amounting to $361.53, and further pleaded that the Panhandle Mutual Hail Association had a valid, subsisting chattel mortgage upon the wheat to secure the note in the sum of $275 which Klein had given it, and prayed for judgment for the amount due, for foreclosure of its lien, and that if appellant's lien be held to be prior and superior to the lien of the hail association, that appellant be required to marshal his securities, selling the farm implements and machinery first, leaving the wheat, if any, to be applied to its note of $275.

During the trial the hail association filed a trial amendment setting up that appellant had converted the farm machinery belonging to Klein, which was worth $1,600, and had also converted a two-thirds interest in 980 bushels of wheat of the value of $213, which was sufficient to overpay the indebtedness due from Klein.

The case was tried to the court without a jury, who held that the sale by Holmes under the power contained in the mortgage was void on account of the failure to post notices as required by law and the terms of the mortgage. The court further found that the value of the property which had been converted by appellant by reason of the wrongful sale thereof was more than sufficient to satisfy his indebtedness against Klein and denied appellant a recovery against anyone in the case. The court further found that the Panhandle Mutual Hail Association "be and it is hereby adjudged to have and hold a valid subsisting debt against Aubrey Klein in the sum of $307.-60, and that it be and is hereby entitled to have the same discharged by the payment to it of such funds as may be due and owing by the defendants Great West Mill & Elevator Co. and the Farmers Elevator Company from the wheat upon which it had such valid lien." The court further finds that the appellant was not entitled to recover any sum against the defendant Klein on account of charges made for harvesting and handling the grain from the 145 acres which Klein had abandoned. Both elevators were permitted to retain sufficient funds in their hands to satisfy their warehouseman's lien for the storage of the wheat. The judgment recites that the defendant Aubrey Klein, "though duly cited to appear and answer plaintiff's suit, came not and wholly made default."

■ It seems that no judgment has been rendered against Klein for any amount nor does the judgment decree a foreclosure of the lien upon his property, and it is questionable whether the language used by the court constitutes a final judgment between the Panhandle Mutual Hail Association and Klein. A "final judgment" is one which expressly or by necessary implication disposes of all issues of fact raised by the pleadings and fully determines the rights and liabilities of all parties with reference to the matters in controversy. It determines the whole matter in litigation as to all parties and issues and awards the judicial consequences which the law attaches to the facts and decrees all the relief authorized by law in the particular class of proceedings.

■ R. S. art. 2218, relating to judgments where liens are foreclosed, applies both to

foreclosures upon real and personal property and provides that the judgment shall be that the plaintiff recover his debt, damages, and costs, with a foreclosure of the plaintiff's lien on the property subject thereto; that an order of sale shall issue to the sheriff or any constable of the county where such property may be, directing him to seize and sell the same as under execution in satisfaction of the judgment, and if the property cannot be found, or if the proceedings of such sale be insufficient to satisfy the judgment, then to make the money or any balance thereof remaining unpaid out of any other property of the defendant as in case of ordinary execution. The judgment in the instant case fails to comply with the statutory requisites in several important particulars.

■ Upon the filing of his petition by Holmes, citation was duly issued and served upon Klein. The answer of the Panhandle Mutual Hail Association to Holmes' petition also included a cross-bill against Klein praying for a recovery upon the note for $275 and a foreclosure upon the property described in its mortgage. No citation or notice of any character was ever issued or served upon Klein, and the judgment recites that Klein did not appear or answer. It is settled law that a judgment rendered in favor of a defendant upon his cross-action against the plaintiff, or upon a cross-bill against a codefendant without an appearance by either the plaintiff or defendant by answer or otherwise, is void unless the defendant in the cross-action has been duly cited to appear and answer. Ruby v. Davis (Tex. Civ. App.) 277 S. W. 430; Twichell v. Askew (Tex. Civ. App.) 141 S. W. 1072; Crain v. Wright, 60 Tex. 515; Leach v. City of Orange (Tex. Civ. App.) 46 S.W.(2d) 1047; Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999; Roller v. Reid, 87 Tex. 69, 26 S. W. 1060; Simon v. Day, 84 Tex. 520, 19 S. W. 691.

■■ As held by these cases and others, Klein was a necessary party in so far as the cross-bill of the Panhandle Mutual Hail Association was concerned and no judgment by default could be rendered in favor of the association without service of process upon him. This is also true in so far as the elevators sought to recover storage charges against the wheat which belonged to Klein. Because Klein was a necessary party and did not appear or answer, the judgment will have to be reversed.

■ There is no statement of facts in the record, but the court filed findings of fact,

and it appears therefrom that the elevators were given preference over the mortgage liens held by Holmes and the Panhandle Mutual Hail Association. In view of another trial, we suggest that R. S. arts. 5604 and 5641 apparently give warehousemen a lien for charges, but such lien has not been made prior to and superior to pre-existing contract liens. 9 Tex. Jur. 159, § 63.

■■ The court failed to give the appellant judgment for the reasonable charges and expenses in harvesting and disposing of the wheat from the 145 acres which Klein had abandoned. The rule is that when a farm tenant abandons his crop, the landlord may take charge of the premises, gather the crops, market them, and apply the proceeds to the tenant's indebtedness. Taack v. Underwood (Tex. Civ. App.) 266 S. W. 618; Cunningham v. Skinner (Tex. Civ. App.) 97 S. W. 509. And Holmes' lien to secure him for such expenditures is superior to the mortgage lien of the hail association or to the liens for storage asserted by the elevators. Frith v. Wright (Tex. Civ. App.) 173 S. W. 453; Harvey v. Geo. Wilder & Co., 62 Tex. Civ. App. 618, 131 S. W. 851.

The court's findings do not disclose whether the chattel mortgages asserted by Holmes and by the hail association were duly recorded, but in what we have said we assume this to be a fact.

■ The sale by Holmes was illegal because notices had not been posted as required by the mortgage and by law. Phipps v. Fuqua (Tex. Civ. App.) 32 S.W.(2d) 660; National Loan & Investment Co. v. Dorenblaser, 30 Tex. Civ. App. 148, 69 S. W. 1019.

The appellant Holmes urges thirty-five propositions, most of them based upon the theories of the case upon which his action was brought in the alternative, and we do not find it necessary to consider them in detail. In its final analysis as shown by the pleadings and the findings of the trial judge, Holmes' right of action is for a judgment against Klein upon his notes, a foreclosure of his mortgage lien upon all of the property, and a foreclosure of his landlord's lien for the purpose of reimbursing him for the expenses incurred in harvesting and storing the wheat from the 145 acres.

Because the judgment is not final and insufficient and because Klein was a necessary party to the cross-actions by the hail association and by the elevators and was not cited, the judgment is reversed, and the cause is remanded.