## McFARLANE et al. v. WHITNEY et al.

### No. 3539.

Court of Civil Appeals of Texas. El Paso. May 20, 1937.

Rehearing Denied June 10, 1937.

R. J. Channell, of El Paso (on appeal only), W. H. Penix, of Mineral Wells, and E. D. Smith, of Crane, for appellants.

Walter R. Ely, Edmund C. Yates, and Scarborough & Ely, all of Abilene, for appellees.

HIGGINS, Justice (after stating the case as above).

■ Under the terms of the deed of trust and the statute (article 3810, R.S.), the trustee was without authority to sell the land unless three weeks' previous notice of such sale had been given by posting notices thereof at three public places in Crane county, one of which was to be posted at the courthouse door. The posting of one of the notices at the courthouse door in Crane, and the other two in about 400 and 1,200 feet, respectively, of said door, constituted practically a posting of all of the notices at one place. It was not a posting at three different public places as the statute and the terms of the deed of trust contemplate. National Loan & Inv. Co. v. Dorenblaser, 30 Tex.Civ.App. 148, 69 S.W. 1019; Phipps v. Fuqua (Tex.Civ.App.) 32 S.W.(2d) 660;

Holmes v. Klein (Tex.Civ.App.) 59 S.W. (2d) 171.

We are not to be understood as holding that a trustee's sale is necessarily invalid simply because all three notices are posted in the county seat. As to that, we express no opinion. The record here discloses that two of the notices were posted in close proximity to the one at the courthouse door, and so close that, in our opinion, it cannot be considered a proper posting of the notices was made as contemplated and intended by the statute and terms of the deed of trust.

The deed of trust provides that the recitals in the conveyance to the purchaser shall be full evidence of the matters therein stated, and all the prerequisites to said sale shall be deemed to have been performed. The trustee's deed recites the sale was made after due notice given as required by law and the terms of the deed of trust.

Appellants insist the evidence is insufficient to rebut the presumption of due notice of the sale arising from the stated provisions of the deed of trust and recitals in the trustee's deed, wherefore the finding of the court as to the places the notices were posted is not supported by the evidence. As to this insistence, the testimony of the former sheriff of the county who posted the notices abundantly supports the court's findings upon this phase of the case. There is no occasion to quote his rather lengthy testimony upon the issue.

■ R. S. Pershing, the maker of the deed of trust, had the right to impose such limitations as he deemed necessary upon the exercise of the power of sale conferred by the deed. Such limitations as were imposed must have been strictly followed, in substance and in form. A sale not made in strict conformity with the limitations imposed upon the power is inoperative and passes no title. 29 Tex.Jur., Mortgages, § 137; Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070.

■ The trustee's deed under which appellants claim was void and wholly ineffectual to pass title. Phipps v. Fuqua (Tex. Civ.App.) 32 S.W.(2d) 660.

■ One claiming under a void deed, in the absence of an estoppel, cannot claim the protection of a bona fide purchaser. 43 Tex. Jur., Vendor & Purchaser, § 371, and cases cited.

■ Especially is this true in this case, because appellants were charged with notice

of the limitations imposed upon the authority of the trustee to make the sale. It was incumbent upon appellants to ascertain if the sale had been made in conformity with the limitations imposed.

The two and four year statutes of limitations have no application to the cross-action of the defendants. We do not grasp the theory upon which appellants invoke the two-year statute (article 5526, R.S.), which they cite. The four-year statute (article 5529, R.S.) is inapplicable because the trustee's deed was void. Such being the nature of the deed, it was not necessary, in order for the defendants to maintain their cross-action, that they first invoke the equitable power of the court and set aside such deed. Moore v. Chamberlain, 109 Tex. 64, 195 S.W. 1135. The cross-action was to recover the land and governed by the statutes of limitations applying to such actions. 28 Tex.Jur., Limitations of Actions, § 29.

The court found appellants and Mrs. Wyche, under whom appellants claim, had held possession of the land for more than three years before the cross-action was filed. Based upon this finding, appellants assert the court erred in not sustaining their plea of title under the three-year statute of limitations (Vernon's Ann.Civ.St. art. 5507).

The trustee's deed to Mrs. Wyche was void and passed no title. It was therefore insufficient to support the claim of title under the statute in question. Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139.

Furthermore, the court merely found appellants had held possession for more than three years. No finding was made that such possession was adverse. Nor do appellants point out any evidence to show that such was its nature. The finding of possession alone is insufficient for appellants' purpose.

The numerous assignments submitted in the brief have not been separately discussed. They are all controlled by the rulings above announced.

Affirmed.