Thomas H. SULLIVAN, Appellant,

v.

**NATIONAL WESTERN LIFE INSURANCE COMPANY, Appellee.**

No. 15091.

Court of Civil Appeals of Texas.

Houston.

July 3, 1967.

Rehearing Denied Aug. 24, 1967.

Sonfield, Sonfield & Lawrence, Robert L. Sonfield, Robert L. Sonfield, Jr., Houston, for appellant.

Phipps, Smith & Alexander, Irwin M. Herz, Jr., Galveston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment for the plaintiff in a suit for the balance due on a promissory note after the application of the proceeds of a trustee's sale under a deed of trust.

Appellant filed a sworn answer in the trial court in which he admitted the execution of the note attached to the plaintiff's petition as Exhibit A, and that the note evidenced a loan secured by appellant from ap-

pellee. Otherwise the answer denied generally the allegations of the petition and alleged that the land was reasonably worth $1,014,000.00 and that the price realized at the trustee's sale was grossly inadequate.

Appellee filed a sworn motion for summary judgment, to which was attached a copy of the note, a certified copy of the deed of trust, a certified copy of the trustee's deed and of an instrument executed by appellant waiving the posting of notices, and the affidavit of R. F. Varnado.

It is appellant's contention that the requirements of the deed of trust were not complied with in making the trustee's sale and that the sale is void; that the defective nature of the foreclosure sale is apparent from the record and under such circumstances a suit for a deficiency may not be maintained.

Specifically, appellant questions the sufficiency of appellee's sworn application and affidavit to establish that appellee was the legal owner or holder of the note; that the legal holder or owner of the note requested the trustee to sell the property; that the trustee named in the deed of trust died, resigned, removed from Texas, became disqualified from acting, or failed or refused to act as trustee; or that a substitute trustee was appointed by an instrument in writing as required by the deed of trust.

As noted, appellant admitted the execution of the particular note on which this suit is based and that it evidenced a loan secured by appellant from National Western Life Insurance Company. The deed of trust, trustee's deed, instrument of waiver signed by appellant, and affidavit of R. F. Varnado, were all properly before the court for consideration.

The deed of trust provided:

"It is agreed that the recitals in the conveyance to the purchaser, or purchasers, shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against GRANTOR, his heirs and assigns."

The Sullivan instrument of waiver provided:

" * * * and upon such sale being had, the recitals in the conveyance to the purchaser, or purchasers, shall be conclusive evidence of the truth of the matter therein stated, including but not limited to the fact that NATIONAL WESTERN LIFE INSURANCE COMPANY fulfilled its agreement not to actually post such notices of sale, and that all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against the undersigned, his heirs and assigns * *."

The trustee's deed provided:

" * * * and default having been made in the payment of said indebtedness, and the holder of said indebtedness having declared same due, and the said THOMAS H. SULLIVAN having by instrument in writing dated June 8, 1966, which instrument is attached hereto and made a part thereof, waived the provisions of Article 3810 of Vernon's Revised Texas Civil Statutes and provisions of the aforementioned Deed of Trust requiring posting of Notices of Sale and further agreeing that sale of the hereinafter described property could be conducted by virtue of said Deed of Trust on the first Tuesday in July, 1966, being July 5, 1966, or any day thereafter, without the necessity of posting any kind or character of notice whatsoever, I, the undersigned, duly appointed Substitute Trustee under the provisions of said Deed of Trust, having been requested by the holder of said indebtedness to proceed and enforce said trust, and after having determined that the aforementioned Deed of Trust was not paid off in full by the said THOMAS H. SULLIVAN, or any one acting on his behalf, on or before July 1, 1966, did on

the 5th day of July, 1966, (that being the first Tuesday in said month) offer said property for sale before the Court House Door of Galveston County, Texas, in the City of Galveston, Texas, between the hours of 10:00 a. m. and 4:00 p. m. of that day, at public auction, to the highest bidder, for cash, and at such sale said property was struck off by me to NATIONAL WESTERN LIFE INSURANCE COMPANY for the sum equivalent in cash to $300,000.00, that being the highest and best bid obtained for the sale; * * *."

R. F. Varnado is the Senior Vice President, Secretary and Treasurer of National Western Life Insurance Company, and the trustee named in the deed of trust. In his affidavit he states that Thomas H. Sullivan signed the promissory note in question payable to Security National Life Insurance Company, and that the note was secured by a deed of trust to R. F. Varnado as trustee for the benefit of Security National Life Insurance Company, "the Corporate predecessor of National Western Life Insurance Company;" and that National Western is the holder of the note. He further stated in the affidavit that Sullivan failed to pay an installment of interest due on March 1, 1966, whereupon appellee declared the note in default, accelerated the maturity of the unpaid balance as provided in the note, and, at the trustee's sale as provided in the deed of trust, sold the property in question to National Western Life Insurance Company for $300,000.00. The affidavit stated facts from which the amount remaining unpaid on the note could be calculated, including the statement that after the sale on July 5, 1966, appellant paid to appellee $16,180.00 "to be applied on the balance of indebtedness evidenced by said note."

■ By virtue of the quoted provision of the deed of trust, the trustee's deed, together with the recitations therein, established prima facie that in the sale by the substitute trustee all of the requirements of the law, and of the deed of trust, were observed. Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; McFarlane v. Whitney, 134 Tex. 394, 134 S.W.2d 1047 (1940, opinion adopted); Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969 (1940, opinion adopted).

■ The record demonstrates that appellee established a prima facie case which would have entitled him to an instructed verdict had this been a trial on the merits before a jury. Appellee has sustained its burden of establishing that there was no genuine issue of fact by producing evidence other than its unsworn pleading. In such a case it became necessary for appellant to counter with facts properly presented in sworn pleadings or affidavits raising a material issue of fact. Gulf, C. & S. F. Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959); Jacobson, Trustee v. National Western Life Insurance Company et al., 403 S.W.2d 528 (Tex.Civ.App.—Houston 1966).

■ If appellant's sworn answer is held to present an issue of fact as to the adequacy of the consideration received at the Trustee's sale, this alone will not establish that the foreclosure was void or not valid. The mere inadequacy of consideration does not render a foreclosure sale void if the sale was legally and fairly made. Burnette v. Realty Trust Co., 74 S.W.2d 536 (Tex. Civ.App.—Dallas 1934, writ ref.).

That issue alone, therefore, would not be a material issue of fact in this case since there is no fact issue with respect to the propriety of this sale. Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 (1942); Tarrant Savings Association v. Lucky Homes, Inc. et al, 390 S.W.2d 473 (Tex. Sup.1965).

The judgment of the Trial Court is affirmed.