HAP MORSE V. THE STATE.

No. 22858. Delivered May 17, 1944.

The opinion states the case.

*Turner, Rodgers & Winn,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $25.00 assessed upon a conviction for permitting a child of eleven years of age "to work and be on duty between the hours of 10 P. M. and 5 A. M."

The prosecution is under Article 1576 of the Penal Code of Texas. The State's case was made on an agreed statement of facts and the issue is concluded by determination of what is meant in Article 1576 by the expression "between the hours of ten P. M. and five A. M." The question in this case arises by reason of the Act of Congress which changed the legal time for certain operations to what is known as "War Time" by advancing the clock one hour. The State contends that, under the law, prosecution will lie if a child under fifteen years of age is employed or permitted to work beyond ten o'clock at night, as fixed by Central War Time at the place of the prosecution. The defense contends that either sun time (Solar Time), or star time (Sidereal Time), or Central Standard Time should control, in either of which event it appears under the agreed statement of facts that appellant is not guilty of a violation of the law. Consequently, the question for us to decide is whether or not the court should use and follow Central War Time, Central Standard Time, or Solar (true) Time.

The record is made by the testimony of Mr. E. K. Mead, who qualified as an amateur astronomer competent to give evidence in the case. From his calculations, it is developed that on the date of the alleged offense, there was practically twenty minutes difference between Solar Time and Central Standard Time and one hour and twenty minutes difference between Solar

Time and Central War Time. According to the agreed statement of facts, appellant permitted Marvin Jones, an eleven year old boy, to work until 10:30 o'clock Central War Time, which would be 9:30 o'clock Central Standard Time, or 9:10 Solar Time. The evidence of Mr. Mead contains an interesting and apparently accurate discussion of Sidereal Time, which is fixed according to the stars rather than the sun. There is some variation at different dates in Solar Time, which fact causes astronomers and navigators to use Sidereal Time as the true, accurate, and unvarying time, instead of using Solar Time. However, no distinction need be made here.

The question thus presented is by no means a new one in our State either to this Court or to the Supreme Court. The question came before the courts probably for the first time in the case of Parker v. State, 29 S. W. 480, from which we quote the following: "The only standard of time recognized by the courts is the meridian of the sun, and an arbitrary standard set up by persons in business will not be recognized."

Supporting this opinion is Henderson v. Reynolds, 10 S. E. 734; and Searles v. Averhoff, 44 N. W. 872, each of which holds that meetings and adjournments of courts should be regulated by the true sun time. The evidence in the Parker case as to the difference in true sun time and Central Standard Time was much in accord with the testimony of Mr. Mead in the instant case.

The Parker case was followed by the Supreme Court in an opinion by Chief Justice Gaines in the case of Texas Tram & Lumber Co. v. Hightower, 96 S. W. 1071, from which we quote the following: "We see no reason to doubt that, when the Legislature prescribes the times at which a term of the court shall begin and shall end, the true time at the place of holding the court is meant; and we understand that the true time is to be determined by the instant at which the sun passes the meridian of the place for which it is to be calculated, and not by the time of its passage at some other place. That where at a particular place there are two measures of time, one the true time at that place and the other * * * at some other place, the true time at the place of holding a court must govern the hour of its opening, was decided in England many years ago."

Supporting the foregoing conclusion, Judge Gaines discussed an English case, together with the Parker case, supra.

Walker v. Terrell, 189 S. W. 75: This case is more in point even than the preceding ones which refer to the time of holding

court. It is inconceivable that we should establish a standard of time for opening and closing terms of court and then a different standard by which to determine the guilt or innocence of a party in a case like the one before us. The Walker case was decided by the Court of Civil Appeals at Dallas and writ of error refused by the Supreme Court. Walker was engaged in the saloon business and Terrell, Comptroller, issued an order cancelling his license, charging that he had kept open after 9:30 o'clock, p. m., the closing time provided by law. The evidence showed that it was before 9:30 o'clock Solar Time and thus the issue was raised as to what time would control: true time, as measured by the sun, or Central Standard Time. Observing that the statute does not describe the character or kind of time which should govern and that the Supreme Court and Court of Criminal Appeals, alike, had held that Solar Time and not Standard or Railroad Time should be used, even though the community has generally adopted Standard Time, it was the conclusion of that court that Solar Time should be followed. The cases hereinbefore quoted were relied upon, together with the authorities discussed in each of them. So far as we are able to find, this is the only case from the Texas Courts which has applied the rule to the question of the commission of an offense. We think the conclusion was reached upon good reasoning and that it should be followed. If the Legislature enacted this and other similar laws with the intention that it be governed by a time fixed by Congress, it is reasonable to suppose that it would have so stated, as is frequently the custom in other matters such as those based upon population as determined by a designated census date. The only fixed time is the true time, and it would hardly appear that the Congress of the United States may change the laws of Texas in such an incidental way as that contended for by the prosecution. Again, regulatory laws are usually based upon some logical grounds. There would be none if the time after which a child may not be worked is based upon an arbitrarily fixed hour which may be changed to suit the convenience or even emergencies of industries instead of a permanently fixed time. It would be a matter of speculation if we attempted to discover the logical reason behind the law. Nevertheless, it would be clearly without reason if based on an arbitrary hour.

We are not unmindful of a more recent opinion of the Supreme Court in the case of McFarlane v. Whitney, 134 S. W. (2d) 1047, in which a different conclusion might appear to have been reached, according to the contention of the State in the instant case. We do not think the opinion can be so construed. The question arose because of the sale of real estate under deed

of trust, which was made within the hour specified in the instrument, according to Central Standard Time but before the hour specified in the deed of trust if calculated according to Solar Time. The Court properly reasoned that it was a matter of contract between the parties; that when the deed of trust was delivered authorizing the sale, both the grantor and the grantee had in mind Central Standard Time. Aside from that particular question, any observation made in the opinion would not be controlling because the effect of any sales hour named by the Legislature was not before the court in that case.

We think the question foreclosed by consideration of the Act, itself, which was passed by the Legislature of Texas long after the courts had held that true time is Solar Time instead of Central Standard Time. Such intention will be read into the Act, in accordance with general rules of construction. Again, it has been said that law is law as and when made and is not to "abide the contingencies of futurity so as to become law by waiting."

The judgment of the trial court is reversed and the cause is remanded.