STATE ELECTION BOARD ET AL. *v.* MCCLURE, CLERK, ETC., ET AL.

[No. 30,313. Filed April 25, 1963.]

*Edwin K. Steers,* Attorney General, *James J. Breen, Jr.,* Deputy Attorney General, *Michael B. Reddington* and *James E. Noland,* both of Indianapolis, for appellant.

*Kurt F. Pantzer, Jr., Grabill, Baker & Pantzer,* of counsel, of Indianapolis, *Robert W. Young* and *Acher & Young,* of counsel, of Franklin, for appellee, Edwin McClure, Clerk of the Marion Circuit Court.

*Arthur L. Sullivan,* of Indianapolis, for appellees, Marion County Election Board and its members.

*Clyde L. Peterson* and *Cadick, Burns, Duck & Neighbours,* of counsel, both of Indianapolis, for appellees, H. Dale Brown, Chairman, Marion County Republican Central Committee, and James T. Neal, Secretary, Republican State Central Committee.

ARTERBURN, J.—This is an appeal from the judgment of the Johnson Circuit Court in an action for a

declaratory judgment brought by the appellee on behalf of the Clerks of the Circuit Courts of 43 counties in the State of Indiana where Eastern Standard Time, by order of the Interstate Commerce Commission, prevails.

The purpose of the action is to determine what time should be officially used in performing acts required under the Indiana Election Code (Burns' §29-2801, *et seq.*) and, particularly, whether Eastern Standard Time or Central Standard Time shall be applicable in the opening and closing of the polls on election day in the various counties of the state. The trial court, in a special findings of fact and conclusions of law, held that Eastern Standard Time was applicable to the election code in those counties (43) operating on Eastern Standard Time under the order of the Interstate Commerce Commission of June 6, 1961, and Central Standard Time was applicable in the remaining counties under the Commission's order. Error is claimed in the overruling of the motion for a new trial and in the sustaining of a demurrer to the complaint.

Indiana at this time has no statute fixing any Indiana standard time, although there was an occasion in the past when Indiana had such an act. The Act has since been repealed. Acts 1957, ch. 172, p. 356; Acts 1961, ch. 9, p. 11.

Burns' Indiana Statutes §29-5030, Acts 1945, ch. 208, §269, p. 680 (The Election Code) provides:

> "The polls in all precincts at elections provided for in this act shall be opened in the forenoon at the hour of six o'clock, and before receiving the ballot of any elector the inspector of the precinct shall cause such opening of the polls to be proclaimed to the people outside in a loud tone of voice. The polls shall continue open until four

o'clock in the afternoon, after which the board may close the election at any time when all the electors have voted, or when twenty [20] minutes have passed without a vote having been tendered, but the polls shall, in no case, be kept open after six o'clock of the afternoon; and the polls shall not be closed after four o'clock and before six o'clock except by unanimous consent of all the members of the election board; but whenever the polls are closed, proclamation must be made of the fact of such closing by the inspector to the people outside, in a loud and audible tone of voice, and a minute of such proclamation and of the time when the same was made must be entered on the tally papers by the clerks, and after such minute has been made, no more votes shall be received."

Since the Indiana Election Code is not certain and specific as to the applicable standard time, it is incumbent upon the judiciary to interpret the statute. In making such an interpretation, the courts are not infringing upon the jurisdiction of another department of the government but rather are performing a typical judicial function by making an interpretation and construction of a doubtful statute. 16 C. J. S., Constitutional Law, §144, pp. 686, 687.

It is urged that the State Election Board is the one that has the jurisdiction and authority to make such interpretation and, therefore, to fix the time. We find no authority in the statute (Burns' §29-3004) which gives that board the function of making a final "interpretation" of a statute of the legislature.

It is true that Sec. 11 of the Indiana Election Code [Acts 1945, ch. 208] being §29-3004, Burns' 1949 Repl., provides:

"Said board, *subject to the provisions of the laws of this state,* shall have the power, and it shall be its duty, to formulate, adopt and promulgate rules and regulations governing the conduct of elections.

. . . . . .

"In the event this code omits any provisions for any act necessary in the opinion of the state election board for the fair, legal and orderly conduct of any election in the state of Indiana such board shall issue proper rulings to correct such omission not in conflict with any law or the provisions of this act." (our italics)

It must be considered that this provision authorizes the adoption of rules and regulations necessary to the conducting of fair, legal and orderly elections in the State of Indiana in the implementation of the statute. It does not mean that the board itself has sole authority to construe the express provisions of the code. This is ultimately a proper function of the judiciary. For the State Election Board to assume such a final decision, under the theory of supervising the elections, would be a usurpation of a judicial function of the courts.

"The construction of statutes and other laws is a matter which ultimately is solely for the courts. More than a power, this is a solemn duty which they must exercise and cannot surrender or waive. It is the laws which are to govern, rather than departmental opinions of them, and the construction put upon a statute by administrative authorities cannot change what the statute originally meant." 42 Am. Jur., Public Administrative Law, §82, p. 405; 73 C. J. S., Public Administrative Bodies and Procedure, §231, pp. 602-03.

More particularly, it is stated:

"Since the statutes under which administrative authorities act contain the policy which the legislature desires to be pursued and the standards which are to control the pursuit of that policy, and judicial review is an additional assurance that the legislative policies will be executed, the matter of statutory construction is not finally intrusted to administrative officers, but is determinable ultimately by the courts. . . ." 42 Am. Jur., Public Administrative Law, §210, p. 625.

We must, therefore determine what standard time is intended by the statute fixing the acts to be performed under the Indiana Election Code.

The Interstate Commerce Commission, under an Act of Congress, 40 Stat. 450, 15 USC, §261 (1918), zoned the United States and its territories and fixed standard time in the various zones. It is common knowledge that such "standard time" has been accepted and relied upon by the people of the various areas in their daily activities, except where the state legislature has seen fit to make a specific exception thereto by statute, such as creating "Daylight Saving Time" or some other specific change. It has been the general rule that standard time of the particular zone under the Federal Statute is generally accepted in the absence of state legislation to the contrary. *McFarlane* v. *Whitney* (1940), 134 Tex. 394, 134 S. W. 2d 1047; *Anderson* v. *Cook* (1942), 102 Utah 265, 130 P. 2d 278.

After the Acts of 1941, ch. 178, the old election code provided that elections should be conducted under "Central War Time." However, after the abolition of "Central War Time" the elections in Indiana have customarily been conducted under Central Standard Time, as fixed by the Interstate Commerce Commission, in the absence of any specific

statutory definition in the election code of standard time. On June 6, 1961, the Interstate Commerce Commission divided the counties of the state into those coming within Central Standard Time and those coming within Eastern Standard Time, thus causing the issue here to arise. Indiana has always acquiesced and recognized the standard time fixed by the Federal Government in the absence of any state standard time statute. A long, continued, contemporaneous and practical interpretation of a statute by those operating with and under such statute constitutes an invaluable aid in determining the understood meaning in case of ambiguity. We feel it was the intention of the legislature that standard time, as fixed by the Federal Government, should prevail in the absence of any specific legislation to the contrary. 2 Sutherland, Statutory Construction §5103 (3d ed. 1943) ; 26 I. L. E., Statutes, §125; 50 Am. Jur., Statutes, §319; 82 C. J. S., Statutes, §357.

Error is further claimed in the overruling of the demurrer in this case. In view of our discussion thus far, we can find no error in the court's overruling of the demurrer to the complaint for the declaratory judgment requested.

It is further argued that the appellee, Edwin McClure, as Clerk of the Marion Circuit Court, has no right to bring this action as a class action. We can find no merit in such contention. The fact that some clerks may be of one political party, while others are of another (as argued by appellant) would show no conflict of interest insofar as an interpretation of the statute is concerned. All clerks should desire an end to confusion and uncertainty as to the time involved and should desire that a definite and certain interpretation of the statute be made.

The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 189 N. E. 2d 711.