STATE EX REL. INDIANA STATE ELECTION BOARD
*v.* STEWART, JUDGE.

[No. 30,559. Filed June 22, 1964.]

*Edwin K. Steers,* Attorney General, and *J. Van Brown,* Assistant Attorney General, for relator.

*Donald L. Fasig,* of Indianapolis, for respondent.

PER CURIAM.—The relators herein have asked for a writ of prohibition and mandate and at a preliminary hearing we granted an alternative writ. We now have before us the determination of whether the writ should be made permanent or not.

The record shows that Kenneth W. Reagin, on February 27, 1964 filed a petition for "Review of an Administrative Adjudication" of the Indiana State Election Board before the Honorable Robert B. Stewart, Judge of the Circuit Court of *Clay County.* In his suit *brought in Clay County* against the Indiana State Election Board, he alleged that the State Election Board "in the form of a resolution" violated "the constitutional rights of the petitioner, the voters of Clay County and the voters of the Twenty-Ninth Senate District in that it deprives them of representation in the Senate of the 94th General Assembly by denying the right to elect a senator from the Twenty-Ninth Senate District."

The resolution of the State Election Board fixed and designated the senators in the state to be elected from districts and those in which the senators were holdovers from the previous election, in conformity with Senate Enrolled Act No. 160, which was enacted by the last legislature for the reapportionment of representation in the General Assembly.

The Indiana State Election Board filed a motion in the Clay Circuit Court to dismiss on the ground that the proceeding before it was an improper attempt to appeal under the Administrative Adjudication Act. [Burns' §63-3002 (1961 Repl.)] The contention is further made that the Clay Circuit Court does not have jurisdiction of the parties attempted to be made defendants, namely, the Indiana State Election Board.

We judicially know that the Indiana State Election Board is located in the state capitol in Indianapolis, Indiana. There is no showing that the members thereof have residence otherwise than in Marion County. Burns' §2-707 provides that all actions (with certain exceptions not involved here) shall be commenced in the county where the defendants re-

side. However, under the Administrative Adjudication Act, an appeal may be taken thereunder and filed in either the county in which the aggrieved party resides or in Marion County. [Burns' §63-3002 (1961 Repl.)]

Therefore, unless it can be shown that this is an appeal from an administrative adjudication of the Indiana State Election Board, the Clay Circuit Court had no jurisdiction to entertain this action.

The respondent admits that there is a difference between an administrative *rule or resolution* and an administrative *adjudication* from which, in the latter instance, an appeal may be taken. The respondent claims that the action of the Indiana State Election Board can not be considered as a rule or resolution, since there is no showing of public notice of a hearing given, and for other alleged procedural defects. However, the weakness, if any, which may exist as to the "resolution" does not enhance or strengthen the respondent's position that as a result, the action of the State Board was an "administrative adjudication."

The act [Burns' §63-3002 (1961 Repl.)] provides:

" 'Administrative adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to *particular persons,* excluding, however, the adoption of rules and regulations; . . . " (Our italics)

Reviewing the subsequent sections of this act, we find it provides for adversary proceedings against *particular persons* who have private interests and a controversy to be settled. There must be a notice and a hearing of evidence. The respondent points out that the plaintiff in this court, Kenneth W. Reagin, wrote a letter to the Indiana State Election Board on February 21, 1964 "in behalf of the people of Clay County,"

asking the Election Board to "notify the Clay County Clerk and Election Board that a vacancy does exist in the office of state senator whose district will include Clay County." However, there is no showing that such a letter was considered as a petition before the Indiana State Election Board, with the said Reagin as an adverse party thereto, or that he was notified of any hearing and to appear therefor. The resolution adopted by the Indiana State Election Board was one of general import for the state as a whole and was not an adjudication specifically and separately of the interests of the said Reagin. It was not a determination of a controversy between adverse parties in the sense of an "adjudication" from which the statute (the Administrative Adjudication Act) provides an appeal. [Burns' §63-3014 (1961 Repl.)]

We do not mean to say that the plaintiff Reagin has no remedy to determine the issue or controversy which he seeks, but we do hold that the Administrative Adjudication Act can not be used for that purpose in this case and the suit maintained in a county other than Marion County against the Indiana State Election Board. *State ex rel. Steers* v. *Superior Court, etc.* (1960), 241 Ind. 131, 170 N. E. 2d 369; *Mann* v. *City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N. E. 2d 577; *State Election Board* v. *McClure, Clerk, etc. et al.* (1963), 243 Ind. 658, 189 N. E. 2d 711.

The writ heretofore issued is made permanent and the trial court is directed to sustain the motion to dismiss.

Jackson, J., dissents without opinion.

NOTE.—Reported in 199 N. E. 2d 467.