STATE of North Dakota ex rel. Lester J. SCHIRADO, State's Attorney of Morton County, Plaintiff,

v.

L. Ray FRYE, Gerald Boren and Hazel Boren, Defendants.

and

STATE of North Dakota ex rel. Lester J. SCHIRADO, State's Attorney of Morton County, Plaintiff,

v.

Robert CLIFFORD and Eileen Clifford, Defendants.

Civ. No. 8466.

Supreme Court of North Dakota.

March 28, 1968.

Rehearing Denied April 22, 1968.

Lester J. Schirado, State's Atty., of Morton County, Mandan, for plaintiff.

Vogel, Bair & Graff, Mandan, for defendants L. Ray Frye, Robert Clifford, and Eileen Clifford.

Floyd B. Sperry, Bismarck, for defendants Gerald Boren and Hazel Boren.

PAULSON, Judge.

This matter involves two cases which, by stipulation, were consolidated for the purpose of deciding the issues raised by the pleadings. The actions were commenced in the name of the State by the State's Attorney for Morton County to abate a common nuisance, that is, that the defendants, between the dates of April 1, 1967, and April 12, 1967, served alcoholic beverages in vio-

lation of Section 5–01–23 of the North Dakota Century Code. It is contended, because of the Uniform Time Act of 1966, that Morton County liquor outlets were required to base their opening and closing hours on central standard time after April 1, 1967. In order to test the validity of the enforcement official's contention, the defendants used mountain standard time as a basis for determining their closing hours during the period from April 1, 1967, to April 12, 1967. The actions before us were commenced on the latter date, and, pending the outcome of this suit, the defendants have been operating on central standard time. Thus the questions answered in this opinion will be answered for the period April 1, 1967, to April 12, 1967.

The cause is before us, under the provisions of Chapter 32–24, N.D.C.C., on three certified questions of law, which are:

1. Did the Uniform Time Act of 1966 (80 Stat. 107) set a mandatory time standard effective April 1, 1967, by which the hours for sale of alcoholic beverages in Morton County set forth in Chapter 5–01 of the North Dakota Century Code must be determined?

2. What time standard is to be used after the effective date of the Uniform Time Act of 1966, to determine the hours for lawful sale and distribution of alcoholic beverages in Morton County by licensed retailers under the provisions of Chapter 5–01 of the North Dakota Century Code?

3. Did the Uniform Time Act of 1966 (80 Stat. 107) compel the observance of central standard time in areas of Morton County formerly following mountain standard time?

The district court answered these certified questions as follows:

Question No. 1. Yes.

Question No. 2. Central standard time.

Question No. 3. Yes.

For reasons to be stated later, this court has determined that the questions should be answered as follows:

Question No. 1. Yes.

Question No. 2. Central standard time as established by the Uniform Time Act of 1966 (80 Stat. 107).

Question No. 3. Yes.

Section 5–01–23 of the North Dakota Century Code, since repealed, the provisions of which are alleged to have been violated by the defendants in this case, read:

"It shall be unlawful for any place licensed to retail alcoholic beverages to sell, give away, or permit to be consumed in any such place any alcoholic beverages between the hours of one o'clock a.m. and eight o'clock a.m."

It is apparent from the above quotation that the particular standard of time to be used in determining a violation of this section is not set out. There was no statutory standard of time enacted by the Legislature in North Dakota as of April 1, 1967. Therefore, these cases hinge on the contention that the Uniform Time Act of 1966 (80 Stat. 107, 15 U.S.C.A. § 260 et seq., Supp. 1967) provides for central standard time throughout the State of North Dakota, with the exception of the extreme southwestern corner.

The federal Standard Time Act of 1918 (40 Stat. 450) adopted what is called "standard time" as the measure of time in this State, subject to the exception as heretofore indicated. Thereafter such time standard was employed over the greater area of the State and by a great majority of the people of the State in the conduct of their business and social affairs.

The defendants urge that mountain standard time was the prevailing time in use in Morton County, but such time would not, in the opinion of this court, preempt the central standard time in general use

throughout the State in the absence of any record in this case that the State had provided by statute for any particular standard of time which would be applicable to the defendants in this case. Nor is the stipulation of the State's attorney in the instant case that his office followed mountain standard time in determining the closing hours for liquor establishments prior to the effective date of the Uniform Time Act of 1966 (80 Stat. 107) controlling. Webb v. Clatsop County School Dist. No. 3, 188 Or. 324, 215 P.2d 368 (1950). Likewise, in McFarlane v. Whitney, 134 Tex. 394, 134 S.W.2d 1047, at page 1051 (1940), the Texas court stated:

" * * * But even though the act does not by its terms provide a standard of time for all persons subject to the jurisdiction of the United States, such has been its practical effect. Very soon after the act went into effect the standard of time established by and under it was adopted and came into general use by the people throughout the United States. Such fixed single standard was found to be not only beneficial but necessary in the operation of railroad trains and other means of transportation and in conducting business, governmental and private, and social affairs."

In State Election Board v. McClure, 243 Ind. 658, 189 N.E.2d 711, 714 (1963), the Supreme Court of Indiana stated:

"The Interstate Commerce Commission, under an Act of Congress, 40 Stat. 450, 15 U.S.C. § 261 (1918), zoned the United States and its territories and fixed standard time in the various zones. It is common knowledge that such 'standard time' has been accepted and relied upon by the people of the various areas in their daily activities, except where the state legislature has seen fit to make a specific exception thereto by statute, such as creating 'Daylight Saving Time' or some other specific change. It has been the general rule that standard time of the particular zone under the Federal Statute is generally accepted in the absence of state legislation to the contrary. McFarlane v. Whitney (1940), 134 Tex. 394, 134 S. W.2d 1047; Anderson v. Cook (1942), 102 Utah 265, 130 P.2d 278, 134 [sic] 143 A.L.R. 987."

■ This court is further going to consider the mandatory provision of the Uniform Time Act of 1966 as it applies to State conformance to federally established time zones during the daylight saving time period, because of the broad scope of the certified questions of law. This particular provision, namely, Section 260a of the Uniform Time Act of 1966, sets forth the period of daylight saving time which commences on the last Sunday in April of each year and ends on the last Sunday in October of each year. Such provision must of necessity be followed by the various States unless a State exempts itself from the provisions of this section. Since this court has answered the certified questions as set forth in this opinion, it will be necessary that the defendants observe the central daylight saving time during the period mentioned. It is also suggested that central standard time and central daylight time be employed for elections, law enforcement, performance of contracts, and the execution of judicial sales, in order that there be uniformity throughout the State. We therefore conclude that the use of mountain standard time by the defendants in this case to determine their opening and closing hours was in violation of Section 5-01-23 of the North Dakota Century Code.

The cause is therefore remanded for further proceedings not inconsistent with this opinion.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.