**UNITED STATES STEEL CORP.,**
Petitioner,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**REPUBLIC STEEL CORPORATION,**
Petitioner,

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

Nos. 78–1922, 78–1927.

United States Court of Appeals,
Fifth Circuit.

July 10, 1979.

Thomas, Taliaferro, Forman, Burr & Murray, J. Ross Forman, III, Robert G. Tate, Birmingham, Ala., for petitioner in case No. 78–1927.

James W. Moorman, Asst. Atty. Gen., Angus Macbeth, Chief Pollution Control Sec., Land & Natural Res. Div., Dept. of Justice, Washington, D.C., for respondent in case No. 78–1927.

Phelps, Dunbary, Marks, Claverie & Sims, Eugene R. Preaus, New Orleans, La., Thorp, Reed & Armstrong, Peter G. Veeder, Pittsburgh, Pa., for petitioner in case No. 78–1922.

James N. Cahan, Atty., EPA, Barbara H. Brandon, Asst. Atty. Gen., Land & Natural Res. Div., Dept. of Justice, Washington, D.C., for respondents in both cases.

## ON PETITION FOR REHEARING

Before GODBOLD, Circuit Judge, SKELTON,* Senior Judge, and RUBIN, Circuit Judge.

GODBOLD, Circuit Judge:

The EPA has petitioned for a rehearing on or clarification of the issue of application of the Emission Offset Ruling referred to in the last part of our original opinion. The petition must be granted to the following extent.

The Offset Ruling applies fairly stringent limitations on the construction of any new emissions source that would cause an NAAQS violation or exacerbate an existing one. As the EPA points out, application of the Ruling is on a case by case basis and does not depend entirely upon whether the proposed source is within a designated § 7407(d) nonattainment area. Some sources within such areas may be approved[1] and some sources not within such areas may be disapproved.[2] It appears evident to us that the existence of a nonattainment designation may have substantial impact on application of the Ruling in the areas in question in this case. As EPA acknowledges, a designation creates a "working presumption." EPA is not precluded from using the Offset Ruling in

these areas, if such application is warranted in a particular case. Rather, in its application of the Ruling EPA may not rely upon the designations invalidated by us. Any reliance upon nonattainment designations as relevant to application of the Ruling must await new designations. We express no views on the procedures to be followed in such a case.

To the extent herein indicated, the petition for rehearing or clarification is GRANTED.

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. For example, a new source within a nonattainment area may be approved if it is determined that it is in a "clean" part of that area and will not contribute to pollution levels elsewhere. 41 Fed.Reg. at 55528.

2. For example, construction of a new source may be disapproved if it will contribute to a violation in a nearby designated nonattainment area or if it will cause a future violation, as of its proposed operation date. *Id.*