INDIANA AIR POLLUTION CONTROL BOARD; Indiana Environmental Management Board; Secretary of State; Governor; the Attorney General, and the Indiana Legislative Council, Appellants (Defendants Below),

v.

CITY OF RICHMOND, Appellee (Plaintiff Below).

No. 4–1281A220.

Court of Appeals of Indiana, Fourth District.

Jan. 24, 1983.

Rehearing Denied March 7, 1983.

Linley E. Pearson, Atty. Gen., Harry John Watson, III, Deputy Atty. Gen., Indianapolis, for appellants.

Edward Anderson, City Atty., Richmond, Paul Hirsch, Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellee.

CONOVER, Judge.

The Indiana Air Pollution Control Board (Board) appeals the trial court's entry of summary judgment in favor of the City of Richmond (City).

We reverse.

ISSUES [1]

1. Did the trial court err in holding the Board's action classifying Wayne Township a "nonattainment" area was an adjudication?

---

[1]. The City also argues the Board failed to satisfy the requirements for an emergency extension of time in which to file its brief. This issue was considered fully when the City moved to dismiss the appeal. That motion was

2. Did the trial court err in holding the City had standing to challenge the Board's action? [2]

FACTS

On April 23, 1980, a representative of the Board held a public hearing in Indianapolis regarding proposed amendments to two existing regulations, namely the attainment and nonattainment status of certain areas under its standards for ambient air quality. Evidence was presented concerning the existence of violations in Wayne township of Wayne County. After the hearing concluded, the hearing officer recommended Wayne Township be designated "nonattainment."

The Board later adopted the hearing officer's recommendation. A "nonattainment" area is one in which airborne pollutants have reached impermissible levels.

The City then filed its complaint seeking to prevent the final promulgation of the "rule" classifying Wayne Township as "nonattainment". The Board moved to dismiss the complaint on the basis it had properly promulgated a rule; thus, the City had no standing to bring the action. The trial court denied the motion to dismiss. The City then moved for summary judgment and it was granted. The Board appeals.

## DISCUSSION AND DECISION

### I. RULE MAKING v. ADJUDICATION

Our standard of review in summary judgment cases is well established. This court must determine whether there is any genuine issue of material fact and whether the law was applied correctly. *Campbell v. Railroadmen's Federal Savings and Loan Association,* 443 N.E.2d 81 (Ind.App.1982).

The Board argues the trial court erred by holding its "nonattainment" classification of Wayne Township was an adjudication. It claims the classification was rule making, and thus, it was not required to follow the

strict notice and hearing requirements for adjudication under Ind.Code 4–22–2–4, the Indiana Administrative Adjudication Act. Ind.Code 4–22–2–3 sets out the following definitions of "rule" and "administrative adjudication":

The word "rule" means any rule, regulation, standard, classification, procedure, or requirement of any agency, designed to have or having the effect of law or interpreting, supplementing or implementing any statute, ... and does not include "administrative adjudication."

"Administrative adjudication" means the administrative investigation, hearing and determination by an agency of issues or cases applicable to particular parties.

The question here is whether the classification of a particular township as an "attainment" or a "nonattainment" area is rule making or an adjudication.

The distinction between these two terms is often unclear. However, the Court of Appeals for the Third Circuit, in *PBW Stock Exchange, Inc. v. Securities and Exchange Commission,* (3rd Cir.1973) 485 F.2d 718, (1974) *cert. denied,* 416 U.S. 969, 94 S.Ct. 1992, 40 L.Ed.2d 558, set out some general guidelines:

Rulemaking by an agency characteristically involves the promulgation of concrete proposals, declaring generally applicable policies binding upon the affected public generally, but not adjudicating the rights and obligations of the parties before it. Furthermore, rules ordinarily look to the future and are applied prospectively only, whereas orders are directed retrospectively, typically applying law and policy to past facts.

*Id.* at 732 (citation omitted).

Under the Federal Clean Air Act, 42 U.S.C. § 7401 *et seq.,* the Board could prepare a state plan for improving the quality of ambient air and set standards for permissible levels of certain pollutants.[3] The Act

denied. We find no reason to reconsider that ruling.

2. Since we reverse and order dismissal based on these two issues, we need not address the Board's final issue, ripeness.

3. If the Board did not undertake this duty, the Environmental Protection Agency was empowered to create such a plan for our state by that Act, cf. 42 U.S.C. § 7410(c).

then required the Board to determine which geographical or air quality control regions had attained a permissible level of pollution, and which had not. In order to satisfy these mandates, the Board established by rule standards for acceptable levels of certain pollutants, cf. 325 Ind.Adm.Code 1.1–2–4 (Supp.1981), and then prepared a list of areas which failed to meet these standards, classifying them "nonattainment" areas. 325 IAC 1.1–3–2 (Supp.1981).

■ Several United States Courts of Appeal cases have held in fact or by implication the "nonattainment" classification is a "rule" under the Federal Administrative Procedure Act. In *United States Steel Corp. v. United States Environmental Protection Agency,* (5th Cir.1979) 595 F.2d 207, the Court of Appeals for the Fifth Circuit held:

> EPA does not contend that its § 7207(d) designations were not "rules" under the APA or that they are not therefore subject to the rule making provisions of § 553. Indeed, the designations clearly come within the broad statutory definition, 5 U.S.C. § 551(4), since they are agency statements of future effect designed to "implement, interpret, or prescribe law or policy."

*Id.* at 213 (footnote omitted), *reh'g granted,* 598 F.2d 915. *See also New Jersey v. United States Environmental Protection Agency,* (D.C.Cir.1980) 626 F.2d 1038; *City of Waco v. Environmental Protection Agency,* (5th Cir.1980) 620 F.2d 84.[4]

■ Here, however, the City argues by naming one township as "nonattainment" the Board effectively adjudicated the attainment status[5] of the City and its supposed major source of pollution, the local power company, which is located in Wayne Township. While in some instances classifying a particularly small geographical area with a single polluting industry as a "nonattainment" area may for all practical purposes amount to an adjudication as to that company, classification is one of the preliminary steps required of the Board under the federal act. It is an essential step in the process of effectively dealing with and controlling pollution, as the trial court recognized in its opinion. However, it was the area, albeit small, and not the industry that received the classification "nonattainment." The claimed "violation"[6] had its source in Wayne Township, but that source was not identified as the power company.

The classification of Wayne Township as a "nonattainment" area was a rule. The trial court erred in holding otherwise.

## II. STANDING

■ Next, the Board argues the City had no standing to bring this action challenging the rule because the rule was not fully and finally promulgated at the time the suit was brought and the City showed no special present injury. As already discussed above, the classification of Wayne Township was a

---

**4.** 5 U.S.C. § 551(4) defines "rule" as follows: "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency.... It must be noted, however, that this definition differs from Indiana's definition of rule. *See* text above. Furthermore, in *United States Steel,* since the EPA did not raise the rule making-adjudication issue, the court's statements are dicta. Also, this court is not bound by a federal court's decision when deciding a

matter of state law. *Clipp v. Weaver,* (1982) Ind.App., 439 N.E.2d 1189.

**5.** Nonattainment status can hinder the EPA's approval of new "emission sources" within the area but there is no automatic prohibition. *See United States Steel Corp. v. United States Environmental Protection Agency* (5th Cir.1979) 598 F.2d 915 (on rehearing).

**6.** We also note the Board "may" hold a hearing regarding a suspected violation under Ind.Code 13–1–1–8. If it holds such a hearing, the statute requires it to comply with the Administrative Adjudication Act.

rule, not an adjudication.[7] It is well settled:

> The doctrine of standing serves as a prudential limitation on the ability of individuals to seek redress in our courts. Generally, we yield to the political process and deny standing in those instances where a plaintiff alleges no special injury different in kind from that which is suffered by the community in general.... We also require the plaintiff to allege and show injury to a *present* interest, that is, to demonstrate his injury is more than a remote possibility.

*Cablevision of Chicago v. Colby Cable Corp.,* (1981) Ind.App., 417 N.E.2d 348, 352 (footnote and citations omitted, emphasis in original). *See also State ex rel. Indiana State Election Board v. Stewart,* (1964) 245 Ind. 419, 199 N.E.2d 467; *Indiana Alcoholic Beverage Commission v. McShane,* (1976) 170 Ind.App. 586, 354 N.E.2d 259. In *Downing v. Board of Zoning Appeals,* (1971) 149 Ind.App. 687, 274 N.E.2d 542, regarding the presence of standing in appeals from administrative agency rules, the court held:

> Courts are reluctant to review interim steps of an administrative body which are not, or have not become final....
>
> For a decision of a board of zoning appeals to be judicially reviewable, it "must be a completed action in the matter under consideration...."

"Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. Generally, judicial review is denied for lack of finality if an action by an administrative agency is only anticipated. Review will also be denied when action has been taken if the matter is still pending final disposition of interim steps.

*Id.* at 690–91, 274 N.E.2d at 544 (citations omitted).

Here, the trial court stayed the final promulgation of the rule pending the outcome of the suit. Therefore, there was no final action available for review. Even if there had been final promulgation, the City would not have satisfied its burden of proving special, specific, present harm. The possibility of industry being turned away from establishing new facilities in that township is mere speculation.[8]

We reverse and remand with instructions to dismiss the case.

YOUNG, P.J., and MILLER, J., concur.

---

**7.** If the Board's action had been an adjudication, this issue would be moot as standing is granted under IC 4–22–1–14.

**8.** See footnote 4 *supra.* Also, the City makes no argument that any such new establishment is being considered or that it would be prohibited if the nonattainment status was given to the township.